## BANTUELLE v. EVANS.

### No. 5546.

Court of Civil Appeals of Texas.
Texarkana.

April 17, 1940.

Rehearing Denied April 25, 1940.

E. Newt Spivey and W. T. Williams, both of Texarkana, for appellant.

Wm. V. Brown, of Texarkana, for appellee.

WILLIAMS, Justice.

A two-wheel trailer attached to appellant's automobile, going south, and appellee's automobile, going north, collided on a wet asphalt pavement. It is without dispute that appellant's car was skidding as it approached a 30-foot bridge. After the collision this car was resting about fifteen feet south of the bridge, headed at an angle into an embankment, with the trailer extending into the highway. Appellee's car was in a ditch on the opposite side. Appellee contended in her pleading and evidence that appellant was driving at an excessive rate of speed as he approached the bridge from out of a curve, and negligently applied the brakes and caused his car to swerve and swing the trailer into and strike appellee's car as same was in the act of passing. Appellant contends that appellee saw, or by the use of ordinary care could have seen, the swerving car in time to have stopped and avoided the collision, but negligently ran into appellant's car after it had practically come to a stop. Special issues which involved these respective contentions were submitted to the jury. The jury found the collision was not due to an unavoidable accident; absolved appellee from any alleged negligent act, and found appellant guilty of operating his car at an excessive rate of speed and negligently applied his brakes under the circumstances, and each to be a proximate cause of the collision. Appellee recovered judgment for damages to her automobile.

Appellant's sole proposition asserts that the evidence is insufficient to support the findings of the jury. The evidence has been carefully examined, and though conflicting, the conclusion is not to be reached that the evidence is insufficient to support the jury's findings. Under such a condition of the record, an appellate court will not disturb same. 3 T.J. p. 1096, Sec. 768, and authorities there cited.

The judgment is affirmed.